Atkinson-,. J.,
delivered the opinion of the court:
, This is a suit brought by First Lieut. Samuel Van Leer, of the Second Squadron of the Fifteenth United States Cavalry, for exercising a command above that pertaining to his grade,, namely, that of the rank of captain of Troop M of the Third Squadron of the same regiment during the insurrection in the Philippine Islands subsequent to the close of the Spanish-American War.
It appears by the records of the War Department that plaintiff was assigned by the colonel of his regiment to take command of Troop M on December 19, 1901, and that he exercised command of that troop to March 19, 1902, although he testifies in his deposition in the case that he served in such capacity to and including June 18, 1902. He presented a claim for higher-command pay to the Auditor for the War Department in 1904, and payment was refused because the Secretary of War declined to confirm the regimental order of December 19, 1901, assigning him to' the temporary command of Troop M in said Fifteenth Regiment. The case was appealed to the comptroller, who sustained the action of the auditor, assigning as a reason therefor that the order of’ the colonel in command of the regiment transferring plaintiff to the higher command was not sufficient authority provided by the act of Congress of April 26, 1898 (30 Stats., 365), which reads:
“ That in time of war, every officer serving with troops operating against an enemy who shall exercise, under assign *148 ment in orders issued by competent authority, a command above that pertaining to his grade, shall be entitled to receive the pay and allowances of the grade appropriate to the command so exercised.”
Two questions are raised in this case: First, Was the order of the regimental commander assigning the plaintiff to a higher command “ competent authority,” as required by the above statute? And, second, Did a state of war exist in the Philippine Islands at the time of said assignment, within the meaning of said statute?
In respect of the first proposition, it is stated by The Adjutant General of the Army, under date of February 25, 1908, that the Acting Secretary of War declined to approve or confirm the regimental order dated December 19, 1901, thereby in effect construing the service of the officer as not having been performed under assignment in orders within the meaning of the act of April 26, 1898, supra,, in which plaintiff, who was squadron adjutant of the Second Squadron, Fifteenth Cavalry, was assigned to the temporary command of Troop M of that regiment. Fie further states that—
“ This action was had upon a decision of the Secretary of War of December 9, 1904, that the War Department would not thereafter take .any action in the way of approving or disapproving orders of assignment in cases of this character where the officers had failed to bring their claims within a reasonable time to the attention of superior authority competent to approve their orders of assignment.”
■ Claimant’s counsel relies solely upon the case of Walker v. United States (43 C. Cls. R.., 1). In that case, as in this, the officer was assigned to a higher command in the same regiment by a regimental order; but the plaintiff in that case brought a suit for extra pay for services rendered during a furlough period at the termination of the War with Spain, ánd a counterclaim was interposed by the United States to recover the higher command pay which he had been previously allowed by the accounting officers of the Government. The question was not raised as to the competency of the order assigning him to a higher command — the presumption being that the Secretary of War acquiesced therein, or had approved the assignment. In the case before us it is shown *149 that the Secretary of War did not confirm the assignment of plaintiff to a higher command made by the commanding officer of the regiment to which he belonged, which was required by Army Regulations to be done before the higher rate of pay could be allowed. This, therefore, was a complete annulment of the regimental order referred to above, which, of itself, deprives claimant from recovery in this case.
The second question raised by defendants’ counsel as to a state of war in the Philippine Archipelago at the time the claim herein arose is irrelevant, and is, therefore, not considered.
Our conclusion is the petition of the plaintiff must be dismissed and judgment rendered for the United States.
It is so ordered.